FRANK, Judge.
Althea Jones has raised four points on appeal, two of which are meritorious. She committed the offense of trafficking on February 3, 1988. The recommended sentencing guidelines range was 4½ to 5V2 years. The trial court departed and sentenced the appellant to 7 years in Florida state prison. The record is barren of the grounds relied upon for the upward departure. See O’Connor v. State, 548 So.2d 276 (Fla. 4th DCA 1989). It appears, however, that the trial court enhanced the recommended sentence by at least one cell. The amendment to the guidelines permitting trial courts in some circumstances to depart without stating reasons in writing was not effective until June 1, 1988. Florida Rules of Criminal Procedure Re: Sentencing Guidelines, 522 So.2d 374 (Fla. 1988). Thus, application of the amendment in the present matter was violative of the ex post facto prohibitions of the Florida and United States Constitutions. McCaskell v. State, 542 So.2d 461 (Fla. 5th DCA 1989).
Moreover, a one cell bump under the guidelines as they existed at the time Althea was sentenced cannot be justified pursuant to Florida Rule of Criminal Procedure 3.701(d)(14); Althea’s probationary status had not been revoked at the time of sentencing. This case must be remanded for the purpose of sentencing Althea within the recommended guidelines range. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Finally, costs were imposed upon Althea without a notice and hearing; she did not object. Nonetheless, costs can be *352 levied only after notice and hearing. Wood v. State, 544 So.2d 1004 (Fla.1989).
Accordingly, we remand for resentencing within the guidelines and strike the imposition of costs pending notice and a hearing.
CAMPBELL, C.J., and HALL, J., concur.