569 So.2d 870 (1990)
Lorenzo Ray COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01259.
District Court of Appeal of Florida, Second District.
November 9, 1990.
*871 James Marion Moorman, Public Defender and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Lorenzo Coleman appeals his convictions and sentences for the offenses of battery, possession of cocaine, and three counts of resisting arrest with violence. The only issue in this appeal which merits reversal is the assessment of costs against the appellant.
However, another issue Coleman raises requires elaboration. In a pretrial motion to dismiss, Coleman alleged that he should not be charged with three counts of resisting arrest with violence when he was arrested only once. Coleman argued that to try him on three counts would place him thrice in jeopardy for the same offense.[1] He raised this issue again in his renewed motion for judgment of acquittal as well as in his motion for new trial.
The charging information alleged that Coleman resisted, obstructed, or opposed a different deputy in each of the three counts for resisting arrest with violence. The deputies' version of the facts produced at trial, which varied substantially from Coleman's version, reflects that Coleman ran from the scene of a street drug transaction. Deputy Strickland reached Coleman, identified himself, and advised Coleman he was under arrest. As Strickland tried to subdue Coleman, Coleman continued to struggle, grabbed Strickland's hands attempting to break free, and swung his elbows striking Strickland. Eventually, Coleman was subdued after Deputy Dennison took control of one of Coleman's arms, Deputy Ortiz sat on top of Coleman, and Deputy Jones held Coleman down by placing Jones' knee on Coleman's neck and shoulder area. After Coleman was handcuffed, it required three deputies to place Coleman in the deputy's vehicle, with Coleman stopping and planting his feet, kicking, shouting, and spitting. Coleman kicked Dennison in the upper arm and chest and continued to kick after the door of the deputy's vehicle was shut, bending the top portion of the door out four inches away from the frame of the car.
Coleman's position in this appeal is that he was engaged in a single continuous episode *872 of struggling with the officers and should be subject to only one adjudication and sentence for resisting arrest with violence. This precise issue appears to be one of first impression in Florida. The statute under which Coleman was charged and convicted provides:
Whoever knowingly and willfully resists, obstructs, or opposes any officer ..., by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, ...
§ 843.01, Fla. Stat. (1987) (emphasis added).
In State v. Crumley, 512 So.2d 183 (Fla. 1987), Justice Barkett restated the analysis in Carawan v. State, 515 So.2d 161 (Fla. 1987), and held that the offenses of battery of a law enforcement officer and aggravated battery of that same officer arising from a single act addressed the same evil in that both offenses were aggravated versions of simple battery, so that punishment for both constituted double jeopardy. Although that opinion is not applicable to these acts because here there is a single type of offense charged  resisting officer with violence  that opinion is instructive in defining the difference between an "act" and a "transaction" for purposes of double jeopardy, and in stating that the Carawan and Crumley decisions "are limited exclusively to multiple punishments arising from a single act." Crumley, 512 So.2d at 184 n. 1. The supreme court defines an "act" for purposes of double jeopardy as "a discrete event arising from a single criminal intent," whereas a transaction is "a series of related acts." Id.
Thus, the question becomes whether Coleman in violently resisting three separate officers from effectuating one arrest engaged in a single criminal act or a transaction comprising three distinct acts. Because the statute at issue proscribes the act of resisting any officer by doing violence to the person of such officer and not the act of resisting arrest, we find that Coleman committed three separate acts of resisting an officer with violence, although involving the same transaction, which are punishable separately consistent with Carawan.
Concerning the costs issue, during Coleman's sentencing hearing the trial court assessed $200 court costs against him. The record does not reflect that Coleman was given advance notice and an opportunity to be heard before this sum was imposed as required by law. See Wood v. State, 544 So.2d 1004 (Fla. 1989); Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990); Jones v. State, 553 So.2d 351 (Fla. 2d DCA 1989); therefore, this assessment must be stricken.
The assessment of costs is stricken without prejudice for the state to notice Coleman of a hearing to set costs. Otherwise, the judgment and sentences are affirmed.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The trial judge was correct in denying any motion to dismiss upon the grounds of double jeopardy until after the defendant, through plea or trial, has been placed in jeopardy under one of the three counts in this information. See V.D.B. v. State, 556 So.2d 484, 485 n. 3 (Fla. 2d DCA 1990).