PER CURIAM.
In this direct criminal appeal, appellant raises four issues: (1) whether the trial court committed reversible error when it denied his motion for a competency evaluation by court-appointed experts; (2) whether the trial court committed reversible error when it denied his motion for a judgment of acquittal on the charge of sexual battery with a deadly weapon or actual physical force likely to cause serious personal injury; (3) whether the trial court violated the prohibition against double jeopardy when it adjudicated him guilty of both aggravated battery upon a person 65 years of age or older and aggravated battery, and imposed a separate sentence for each; and (4) whether the imposition of a consecutive life sentence for kidnapping constitutes an unauthorized departure sentence.
We affirm as to the first two issues, concluding that the record does not reflect a clear abuse of discretion as to denial of the motion for a competency evaluation, and that the record does reflect the presence of sufficient evidence of actual physical force which did cause serious personal injury to support the jury’s verdict as to the sexual battery charge. However, we conclude that the record clearly reflects that the convictions for aggravated battery upon a person 65 years of age or older and aggravated battery arose from the same facts. Therefore, appellant may not be convicted of both. We also conclude that the consecutive life sentence for the kidnapping conviction constitutes an unauthorized departure from the sentencing guidelines. Therefore, that sentence must be vacated. However, it is clear from the record that the trial court was unaware that it was imposing a departure sentence. Accordingly, on remand, the trial court may again impose a departure sentence, provided that it complies with all applicable procedural and substantive requirements.
In summary, we affirm the convictions for sexual battery, kidnapping and aggravated battery upon a person 65 years of age or older; we reverse the conviction and sentence for aggravated battery; and we reverse the sentence for kidnapping, and remand for resentencing as to that offense.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, MICKLE and VAN NORTWICK, JJ., concur.