711 So.2d 633 (1998)
William Douglas JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-964.
District Court of Appeal of Florida, First District.
May 27, 1998.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this criminal appeal, appellant's appointed counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, in that brief, counsel noted that appellant had been convicted of two counts of resisting an officer with violence, both of which arose out of a single criminal episode, and that this court had previously held that only one conviction is permissible in such circumstances. Following our independent review of the record, we ordered the parties to brief that issue, pursuant to State v. Causey, 503 So.2d 321 (Fla.1987). We now reverse one of the *634 convictions for resisting an officer with violence, and remand with directions that the trial court vacate that conviction.
The relevant facts are not disputed. Appellant was charged in one case with grand theft, and in another with possession of a firearm by a convicted felon and two counts each of battery on a law enforcement officer and resisting an officer with violence. Both counts of resisting an officer with violence arose out of a scuffle which occurred when sheriff's deputies attempted to arrest appellant pursuant to a warrant. Eventually, appellant entered no-contest pleas to all of the charges. There was no plea agreement. Appellant was adjudicated guilty of all counts, and sentenced pursuant to the guidelines to 4 years on each count, all sentences to run concurrently.
We have previously held that only one conviction is permitted for multiple counts of resisting an officer with violence arising out of a single episode, even if multiple officers are involved. Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996); Wells v. State, 22 Fla. L. Weekly D2010, ___ So.2d ___ (Fla. 1st DCA Aug. 19, 1997), review granted, 705 So.2d 10 (Fla.1997). We adhere to precedent, and again hold that only one conviction for resisting an officer with violence is permissible for multiple counts arising out of a single episode, even if multiple officers are involved. We acknowledge conflict with Coleman v. State, 569 So.2d 870 (Fla. 2d DCA 1990), and Wallace v. State, 689 So.2d 1159 (Fla. 4th DCA), review granted, 699 So.2d 1377 (Fla.1997).
Pursuant to Pierce and Wells, multiple convictions based upon charges of resisting an officer with violence arising out of a single episode would violate the prohibition against double jeopardy. See, e.g., Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994) (double jeopardy prohibits multiple convictions for the same offense). A double jeopardy violation constitutes fundamental error, which may be raised for the first time on appeal. Henry v. State, 707 So.2d 370 (Fla. 1st DCA 1998); Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997). Accordingly, appellant's failure to raise the issue in the trial court does not preclude our review, notwithstanding the Criminal Appeal Reform Act of 1996. See § 924.051(3), Fla. Stat. (Supp. 1996) (permitting appeal of unpreserved fundamental errors).
There was no plea bargain involved here; the double jeopardy violation is apparent from the record; and there is nothing in the record to indicate a waiver. Accordingly, we conclude that appellant has not waived the double jeopardy claim. Novaton v. State, 634 So.2d 607 (Fla.1994). Also because there was no plea bargain, there is no reason to remand, as the state requests, so that it may have "the opportunity to withdraw from the plea agreement." Cf. Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995) (when effect of appeal is to invalidate part of plea agreement, fairness dictates that parties be restored to their original positions on remand).
Finally, appellant notes that deleting one of the convictions for resisting an officer with violence will result in a slight reduction in his guidelines score. However, having reviewed the record, we are convinced that the trial court would impose the same sentence were the case remanded for that purpose. Therefore, we see no need to remand for resentencing.
In summary, we reverse one of the two convictions for resisting an officer with violence, and remand with directions that the trial court vacate that conviction. In all other respects, appellant's convictions and sentences are affirmed. We acknowledge conflict with Coleman and Wallace.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS and MINER, JJ., concur.