ON MOTION FOR REHEARING AND CLARIFICATION

PER CURIAM.
The State seeks rehearing and clarification of our opinion in Pruett v. State, 24 Fla. L. Weekly D508 (Fla. 1st DCA *114 Feb.15, 1999), reversing the simple battery conviction and sentence and remanding for resentencing. We withdraw the prior opinion issued in this cause, deny the motion for rehearing, but grant the motion for clarification by entering this revised opinion.
Appellant, Max Michael Pruett, appeals his convictions of battery and battery upon a person 65 years of age or older. He contends that the trial court violated double jeopardy principles by convicting and sentencing him for both offenses where both arose from the same act. We agree and reverse appellant’s conviction for simple battery.
As a result of a fatal altercation with a 78-year old man, appellant was charged with felony murder, section 782.04(4), Florida Statutes (1997), and battery on a person 65 years of age or older, sections 784.03(l)(a) and 784.08, Florida Statutes (1997). The jury convicted appellant of simple battery as a lesser included offense of the felony murder charge and battery on a person 65 years of age or older, as charged. The two convictions are factually based on one and the same single factual event. Despite appellant’s failure to raise this double jeopardy issue below, this issue is cognizable on direct appeal as fundamental error. See Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997)(en banc)(holding that a double jeopardy violation constitutes a fundamental error permitting review of a claim on appeal as to both convictions and sentences); see also Jones v. State, 711 So.2d 633 (Fla. 1st DCA 1998); Butler v. State, 711 So.2d 1183 (Fla. 1st DCA 1998). Therefore, appellant’s conviction for simple battery constituted a second conviction for the same substantive offense contrary to the double jeopardy prohibition which precludes a defendant from being punished twice for the same offense.
The record reflects and the State acknowledges that appellant’s conviction for battery and battery upon a person 65 years of age or older arose from the same facts. Thus, appellant may not be convicted of both. See Hall v. State, 654 So.2d 253 (Fla. 1st DCA 1995)(eoncluding that appellant may not be convicted of both aggravated battery upon a person 65 years of age or older and aggravated battery, when the convictions arose from the same facts); see also Jelks v. State, 509 So.2d 404 (Fla. 5th DCA 1987).
Accordingly, we vacate appellant’s conviction and sentence for the simple battery. We affirm the remaining conviction and sentence for battery upon a person 65 years of age or older.
AFFIRMED IN PART; REVERSED IN PART.
JOANOS, MINER and DAVIS, JJ., CONCUR.