754 So.2d 878 (2000)
Frank FOGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2238.
District Court of Appeal of Florida, First District.
April 12, 2000.
Nancy A. Daniels, Public Defender; and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals his conviction and sentence on six grounds, only one of which merits discussion. Appellant was convicted on, among other charges, two counts of resisting arrest without violence. We find Appellant's two convictions of resisting arrest without violence constitute a double-jeopardy violation and, accordingly, reverse.
After Appellant was told he was under arrest, he struck a police officer, ran *879 away, fell, and when four officers caught him, continued to resist. Although a defendant may commit more than one offense in an altercation with police officers, he can be convicted of only one count of resisting arrest where his altercation with a number of officers was in the course of his continuous resistance to an ongoing attempt to effect his arrest. Wallace v. State, 724 So.2d 1176 (Fla.1998); Jones v. State, 711 So.2d 633 (Fla. 1st DCA 1998). Multiple convictions on multiple counts of resisting arrest without violence arising out of a single episode, even if more than one officer is involved, constitute a double-jeopardy violation. Wallace, supra; Jones, supra.
Because Appellant's two convictions arose from a single episode, we REVERSE and REMAND for the trial court to vacate one of the convictions for resisting arrest without violence. Jones, supra; Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996), approved, 724 So.2d 1176 (Fla. 1998). If the reversal alters the presumptive guidelines sentencing range, Appellant should be resentenced under a corrected guidelines scoresheet. Pierce, supra. Appellant's convictions and sentence are AFFIRMED on all other grounds.
MINER and BENTON, JJ., CONCUR.