LEWIS, J.
Julie Cook (Appellant) appeals her convictions and sentences on two counts of aggravated battery which stemmed from a single criminal episode. We reverse and remand with directions that the trial court vacate Appellant’s conviction and sentence for the lesser included offense of aggravated battery on Count I because her two convictions constitute a double jeopardy violation. We also remand for recalculation of the score-sheet and re-sentencing since the new calculation will result in a reduced sentencing range. We affirm on all other issues raised without further comment.
Appellant was charged with attempted first degree murder in Count I, and aggravated battery in Count II for her actions when a fight between her son and the victim began at a Dixie One Stop where Appellant was filling up her car with gas. The victim and two others confronted Appellant’s son because he had allegedly run friends of the victim off the road. The fight became physical and continued until Appellant sprayed the victim with gasoline and set him on fire with a lighter. The victim suffered burns to 45 percent of his body. Appellant defended her actions on the grounds that she feared for her son’s life and that she was only trying to stop the fight.
Following a jury trial, Appellant was found guilty of the lesser included offense of aggravated battery with a deadly weapon, a violation of section 784.045(l)(a)2., Florida Statutes (1999), on Count I, and aggravated battery causing great bodily harm, a violation of section 784.045(l)(a)l., Florida Statutes (1999), as charged, on Count II. Appellant was sentenced on Count I to ten years’ probation to be served concurrent with the probation in Count II. On Count II, she was sentenced to eight years in prison, plus seven years’ probation with the first year to be served in community control.
Multiple convictions on multiple counts of the same offense arising out of a single episode constitute a double jeopardy violation. See Fogle v. State, 754 So.2d 878 (Fla. 1st DCA 2000); see also Jones v. State, 711 So.2d 633 (Fla. 1st DCA 1998)(double jeopardy prevents multiple convictions for the same offense); U.S. Const, amend. V; Fla. Const, art. I, § 9. Section 775.021(4)(b), Florida Statutes (1999), provides for separate conviction and sentence for each criminal offense committed in the course of one criminal episode or transaction, unless the offenses *1012 require identical elements of proof, the offenses are degrees of the same offense, or the offenses are lesser included offenses the elements of which are subsumed by the greater offense. See Grubbs v. State, 769 So.2d 508 (Fla. 5th DCA 2000)(holding that, in the conviction and sentencing for criminal offenses committed in the course of one criminal episode, it is the intent of the legislature that there be a separate conviction and sentence for each criminal offense, unless one of the offenses is a degree of the other, a necessarily included lesser offense subsumed in the other, or both offenses are identical).
In the instant proceeding, Appellant was convicted for the identical offense, aggravated battery, on two separate Counts arising from the same criminal episode. Aggravated battery is defined in section 784.045, Florida Statutes (1999), and reads as follows, in pertinent part: 784.045 Aggravated battery.—
(l)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
Because the two subparagraphs are joined by “or,” conviction for the offense of aggravated battery can be based on either of two grounds. That is, a defendant must commit a battery and then do either of the two described offensive acts, cause great bodily harm or wield a 'deadly weapon, to be found guilty of the offense of aggravated battery. However, a defendant may not be convicted of both identical offenses where the charges arise out of a single criminal episode. See Hall v. State, 654 So.2d 253 (Fla. 1st DCA 1995)(concluding that appellant may not be convicted of both aggravated battery upon a person 65 years of age or older and aggravated battery, when convictions arose from the same facts). Here, the record shows that Appellant’s convictions arose from the same act: setting the victim on fire. Ap-pellee acknowledges, without conceding error, that the two counts of aggravated battery for which Appellant was found guilty arose from the same act and that it may be appropriate to vacate the aggravated battery conviction on Count I. As both aggravated battery offenses contain the same elements, Appellant cannot be convicted twice for the same offense arising from the same act. See State v. Craft, 685 So.2d 1292 (Fla.1996).
Accordingly, because Appellant was twice convicted for the same offense arising from a single episode, we reverse and remand with directions that the trial court vacate Appellant’s conviction on Count I. We also remand for recalculation of the score sheet and re-sentencing since the vacated conviction will result in a reduced sentencing range. See Johnson v. State, 744 So.2d 1221 (Fla. 4th DCA 1999)(re-manding for re-sentencing where one of defendant’s convictions was vacated and the appellate court was unable to conclude that the defendant’s sentence would have been the same had the trial court used a properly prepared score sheet); Roy v. State, 711 So.2d 1848 (Fla. 1st DCA 1998)(holding that on a motion for postcon-viction relief, defendant was entitled to reduction of points based upon a vacated conviction which resulted in a reduced sentencing range, which required resentenc-ing with a corrected score sheet).
AFFIRMED in part; REVERSED in part; and REMANDED with directions and for re-sentencing.
VAN NORTWICK, J„ CONCURS; KAHN, J., CONCURS WITH WRITTEN OPINION.