(89 P.3d 934)
No. 90,067

CITY OF WICHITA, KANSAS, A MUNICIPAL CORPORATION, *Appellee*, v. CHARLES R. COOK, *Appellant*.

Opinion filed May 14, 2004.

*Kevin Mark Smith*, of Wichita, for appellant.

*Sharon L. Dickgrafe*, assistant city attorney, for appellee.

Before PIERRON, P.J., HILL and McANANY, JJ.

McANANY, J.: Charles Cook appeals his convictions for battery (Koch), battery of a law enforcement officer (Huff), and two counts of resisting arrest (Huff and Arellano.) We affirm the convictions for battery and for one count of resisting arrest, but reverse Cook's second resisting arrest conviction.

Wichita animal control officer Koch issued a citation to Cook for permitting his dog to run at large. Cook became verbally and physically aggressive, screaming profanities and grabbing at the ticket book. When Koch attempted to get into his vehicle, Cook came after him and slammed the van door on Koch's arm and leg. This ultimately resulted in one of the battery convictions.

Officers Huff and Arellano then arrived at the scene. They approached the residence and told B.J. Carmichael that they wished to speak with Cook, who had gone inside the house. Carmichael was living with Cook at the time, and they married shortly after this incident. Despite Carmichael's refusal to allow the officers inside, they entered the house and found Cook sitting on the couch speaking on the phone. Cook refused to hang up the phone when Huff requested him to do so. Huff reached over to the base of the phone and pushed the button to terminate the phone call. As he did so, Cook slapped Huff's hand away from the phone. This ultimately resulted in Cook's second battery conviction.

Cook was placed under arrest. When the officers attempted to handcuff Cook, he began to jerk and pull away, making it difficult for the officers to handcuff him. Eventually, the officers were able to get him handcuffed. As the officers escorted him to the patrol car, Cook went limp, fell to the ground, and began kicking his legs. The officers subdued Cook and forcibly led him to the patrol car. These events ultimately resulted in Cook's two convictions for resisting arrest.

Cook pled no contest to all counts and was found guilty as charged in municipal court. Cook appealed to the district court where he was found guilty as charged in a jury trial. Cook now appeals.

Cook criticizes Instruction No. 14 which states:

"A person is not authorized to use force to resist an arrest which he knows is being made by a law enforcement officer even if the person believes that the arrest is unlawful and the arrest is, in fact, unlawful."

His counsel did not object to the instruction at trial. Thus, we apply the clearly erroneous standard on review and reverse on an erroneous instruction only if there is a real possibility that the jury

would have rendered a different verdict if the error had not occurred. *State v. Davis*, 275 Kan. 107, 115, 61 P.3d 701 (2003).

Cook contends this instruction should not have been given since he claims he was legally correct in remaining on the phone and Officer Huff's actions to terminate the call constituted excessive force.

To begin with, the instruction deals with acts incident to an arrest. Cook's striking Huff was not in the course of an arrest. Huff was simply terminating Cook's phone call when Cook struck him. It was only after Cook struck Huff that he was placed under arrest. Huff's actions in terminating the phone call were neither excessive nor performed during the course of an arrest.

Cook relies on *State v. Heiskell*, 8 Kan. App. 2d 667, 666 P.2d 207 (1983), in his challenge to this instruction. In *Heiskell* the court gave, and defendant did not challenge, an instruction much like No. 14 which informed the jury that a person is not authorized to use force to resist even an unlawful arrest. The real issue in *Heiskell* was whether defendant was entitled to a self-defense instruction. Instruction No. 14 was an accurate expression of the law, and giving it was not error.

Next, Cook claims the district court should have given either a self-defense instruction (which was not requested) or the following requested instruction:

"A person is justified in the use [of] force when and to the extent he reasonably believes it necessary to prevent another [person] from improper interference with lawful conduct.

"In this case, Defendant would be justified in using reasonable force to prevent Officer Huff from terminating Defendant's telephone call to 911 if you find such termination by Officer Huff to be improper and if you find that Defendant's making such telephone call was lawful."

Cook's trial counsel asserted at trial that Cook was entitled to this instruction because "[h]e used no more force than was necessary to meet an unlawful act by the police officer, that unlawful act being terminating against Mr. Cook's wishes his telephone call." Cook cites no legal authority for this proposition. The trial court did not err in refusing to give this proposed instruction. However, this still leaves for consideration whether the court should have

given some other form of self-defense instruction, though no such alternative was requested at trial. We review the trial court's failure to give an alternative self-defense instruction using the clearly erroneous standard. *State v. Sperry*, 267 Kan. 287, 294, 978 P.2d 933 (1999).

K.S.A. 21-3211 codifies the right to self-defense and states:

"A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force."

In order to warrant a self-defense instruction, Cook must show that he sincerely and honestly believed it was necessary to use force in order to defend himself, and that a reasonable person in his circumstances would have perceived self-defense as necessary. *State v. Lutter*, 27 Kan. App. 2d 858, 860, 10 P.3d 16, *rev. denied* 270 Kan. 902 (2000). "A self-defense instruction is not generally available for resisting arrest by an identified, uniformed police officer." *Lutter*, 27 Kan. App. 2d 858, Syl. ¶ 1. Huff was in uniform at the time of Cook's battery. When Cook struck Huff, Huff's only action had been to terminate Cook's phone call by pushing the button on the base of the phone. There had been no physical contact whatsoever between them before Cook struck Huff. No reasonable person in Cook's circumstances would have believed it was necessary to strike Huff to defend himself from imminent use of unlawful force. The district court did not err in failing to give a self-defense instruction.

Cook criticizes instruction No. 11, claiming it was not in accordance with the complaint and the bill of particulars. The relevant portion of instruction No. 11 stated "[t]hat the defendant intentionally caused physical contact with Russell Huff in a rude, insulting or angry manner." Cook objected to the instruction, claiming it should be limited to the instance identified in the bill of particulars, *i.e.*, striking Huff's arm to prevent Huff from hanging up the phone. The court overruled the objection but limited the City's closing argument to the instance identified in the bill of particulars.

" 'A bill of particulars serves the dual purpose of informing the defendant of the nature of the charge and the evidence against him to enable him to prepare his defense, and of enabling the defendant to avoid further prosecution for the same offense. The State is restricted in its proof to the items specified in the bill of particulars. The purpose of this restriction is to prevent the State from charging the defendant with one crime and convicting him of something else.' [Citation omitted.]" *State v. Wright,* 259 Kan. 117, 126, 911 P.2d 166 (1996).

Cook was charged using the language of the section of the city code he was accused of violating. The district court properly used the language of the ordinance in its instruction. See *State v. Crawford,* 247 Kan. 223, 225, 795 P.2d 401 (1990). Further, the court limited the City's evidence to the event identified in the bill of particulars. Cook makes no claim that the City breached this line either in its evidence or in its jury argument. It was not necessary to instruct the jury regarding the factual allegations contained in the bill of particulars. There was no possible jury confusion. The district court did not err in overruling Cook's objection to the jury instruction.

Cook next claims the district court erred in failing to give a multiple acts jury instruction. Cook failed to request such an instruction and failed to object to the trial court that no such instruction was given.

Cook first argues the court should have given a multiple acts instruction with respect to the battery charge against Huff. The evidence showed only one possible instance of a battery committed against Huff, *i.e.,* Cook slapping Huff's hand away from the phone. There was no evidence that Cook struck Huff at any other time. Cook was charged with one count of battery against Huff. The district court did not err in failing to give a multiple acts instruction regarding this battery charge.

Cook next argues a multiple acts instruction should have been given regarding the two counts of resisting arrest. Cook was charged with two counts of resisting arrest: one for resisting Huff and one for resisting Arellano.

Officer Huff testified that Cook's phone call was to the police dispatcher, and that Cook was "yelling at the dispatchers over the phone about us, accusing us of assaulting his wife." Huff and Ar-

ellano then struggled with Cook to overcome his resistance and to get him handcuffed. Huff and Arellano immediately led Cook outside. Koch, who was outside preparing his report, saw Cook being led from the house and observed:

"He was still yelling . . . but the officers holding on to him, he was still fighting, resisting arrest is what you call it. . . he was just fighting them all the way, you know, trying to run away, trying to fall to the ground, whatever he was trying to do."

As they led Cook to the patrol car, Huff testified that Cook "just stopped walking and went to the ground" where "he struggled, he was flailing on the ground with his legs." Cook "began yelling, he's not getting in the car until his supervisor gets here." Cook "eventually calmed down, and we stood him back up and told him we were going to put him in a patrol car and supervisor was on their way, and he could talk to him when they got there."

Our first task is to determine whether these events constituted multiple acts, as Cook asserts. In *State v. Hill*, 271 Kan. 929, 939, 26 P.3d 1267 (2001), the court stated:

"Incidents are legally separate when the defendant presents different defenses to separate sets of facts or when the court's instructions are ambiguous but tend to shift the legal theory from a single incident to two separate incidents. Incidents are factually separate when independent criminal acts have occurred at different times or when a later criminal act is motived by 'a fresh impulse.'"

In *Hill*, defendant was charged with one count of rape. The evidence established that penetration occurred while he and the victim were in the bathroom and again while they were in the kitchen. "[M]ore than one act was presented as evidence of a single criminal offense." *Hill*, 271 Kan. at 940. The outcome depended on the jury's resolution of issues of credibility. The victim testified to these two acts of penetration. Defendant, in his written statement to the police, stated that he knocked on the front door, found out that the victim's father was not at home, and immediately left.

*Hill* involved one rape charge arising out of two acts of penetration. Our case is the reverse: two charges of resisting arrest arising out of one continuous, ongoing act. There was no meaningful time-lag in the events that made up Cook's arrest and his resistance to

that arrest. Cook did not present distinct defenses to the events inside the house and the events outside the house. His acts outside the house were not motivated by a fresh impulse. They were, in fact, motivated by the same impulse that began his resistance: his insistence upon talking to a police department supervisor about the abuse being heaped upon him and Ms. Carmichael by the police officers.

There was ample evidence to support the finding that Cook resisted the efforts of Huff and Arellano to arrest him. When viewed as one event, the jury could not have been confused about this. The problem is, the City asserted separate charges against Cook for resisting each officer in the same arrest. Multiple convictions on multiple counts of resisting arrest arising out of a single episode, even if more than one officer is involved, constitute double jeopardy in violation of the 5th and 14th Amendments to the United States Constitution. See *Fogle v. State*, 754 So. 2d 878 (Fla. Dist. App. 2000).

"After Appellant was told he was under arrest, he struck a police officer, ran away, fell, and when four officers caught him, continued to resist. Although a defendant may commit more than one offense in an altercation with police officers, he can be convicted of only one count of resisting arrest where his altercation with a number of officers was in the course of his continuous resistance to an ongoing attempt to effect his arrest. *Wallace v. State*, 724 So.2d 1176 (Fla. 1998); *Jones v. State*, 711 So.2d 633 (Fla. 1st DCA 1998)." *Fogle*, 754 So. 2d at 878-79.

Cook's resistance was a single, ongoing event that commenced inside the house when Huff told him he was under arrest and ended when Huff and Arellano successfully got him to the police car. Cook could be convicted of only one resisting arrest charge in this incident. Accordingly, we reverse Cook's second resisting arrest conviction.

Following his arrest, Cook complained to the City that Huff unlawfully entered his house and used excessive force in dealing with him. Cook contends the district court erred when it admitted evidence that the city had exonerated Huff on the complaint of excessive force. We review the trial court's admission of evidence, subject to exclusionary rules, for any abuse of discretion. *State v. Jenkins*, 272 Kan. 1366, 1378, 39 P.3d 47 (2002).

During Huff's cross-examination, and over the City's objection, defense counsel inquired about an internal affairs investigation. Huff admitted that the City found his entry into Cook's house was improper. On redirect, the City introduced evidence that Huff was exonerated by the city on the complaint of excessive force. The defense having opened the door on cross-examination, the City could properly pursue the topic of the Cooks' complaints on redirect. There was no abuse of discretion.

Cook challenges the sufficiency of the evidence for all four charges. We review the evidence in the light most favorable to the prevailing party in determining whether the jury could have found the defendant guilty beyond a reasonable doubt. *State v. Beach*, 275 Kan. 603, Syl. ¶ 2, 67 P.3d 121 (2003).

Cook first claims he could not be found guilty of resisting arrest because the arrest and entry into his home were unlawful. The city ordinance provides that "[i]t is unlawful for any person to resist or oppose any police officer in the discharge of any official duty." Cook's argument ignores the plain language of K.S.A. 21-3217 that a person is not authorized to use force to resist an arrest he knows is being made by a law enforcement officer, even if the person arrested believes the arrest is unlawful. There was sufficient evidence for the jury to convict Cook on this charge.

Cook next claims there was insufficient evidence to convict him of the batteries against both Huff and Koch. The applicable city ordinance provides that a person is guilty of a misdemeanor if that person "intentionally causes physical contact with another person when done in a rude, insolent or angry manner." There was evidence of physical contact, anger, and intent as required by the ordinance. There was sufficient evidence presented to support the finding of guilt on the battery charges.

Cook also claims he was denied the effective assistance of trial counsel. This allegation was not presented to the district court. We will not consider an allegation of ineffective assistance of counsel asserted for the first time on appeal. *State v. Mann*, 274 Kan. 670, 691, 56 P.3d 212 (2002).

We affirm the convictions for battery and for one count of resisting arrest, but reverse Cook's second resisting arrest conviction.