971 So.2d 271 (2008)
Darnell JOHNS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6449.
District Court of Appeal of Florida, First District.
January 7, 2008.
*272 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Darnell Johns appeals his conviction of felony battery and corresponding sentence of five years of incarceration as a prison releasee reoffender. We affirm the conviction without further discussion; however, we reverse the sentence, and remand for removal of the prison releasee reoffender designation.
The State concedes that the prison releasee reoffender designation was improper because the conviction was under section 784.03(2), Florida Statutes (2006), which reclassifies a simple battery as a felony battery because of a prior battery conviction. The Florida Supreme Court has recently held that a conviction for battery on a law enforcement officer will not support sentencing enhancement as a violent career criminal because it can never be a forcible felony. See State v. Hearns, 961 So.2d 211, 219 (Fla.2007). In doing so, it noted that battery on a law enforcement officer is just simple battery reclassified merely because of the victim's status, and that the question of whether battery on a law enforcement officer qualifies for either a violent career criminal or a prison releasee reoffender designation must be answered consistently. Id. at 217, 219. Analogously, the instant conviction was of simple battery reclassified merely because of the offender's prior battery conviction; thus, it also can never be a forcible felony, and so will not support a prison releasee reoffender (or a violent career criminal) sentence. See Spradlin v. State, 967 So.2d 376 (Fla. 4th DCA 2007).
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
KAHN and ROBERTS, JJ., concur.