PER CURIAM.
Appellant challenges his convictions, after jury verdicts, for both aggravated battery with a deadly weapon, pursuant to section 784.045, Florida Statutes, and aggravated battery with a deadly weapon upon another detainee in a detention facility, pursuant to section 784.082, Florida Statutes. He asserts that the dual convictions violate the double jeopardy clause. Despite Appellant’s failure to raise a double jeopardy issue at the trial level, we review the matter for fundamental er *357 ror. Pruett v. State, 731 So.2d 113 (Fla. 1st DCA 1999).
The evidence presented to the jury was uncontroverted that Appellant attacked another detainee in the Duval County Jail on April 15, 2010. The single encounter lasted only a few moments and resulted in a puncture wound and a cut or gash on the victim’s torso. The surveillance video of the incident showed an object in Appellant’s hand with which he made contact with the victim.
The jury instructions for count I, aggravated battery with a deadly weapon, consisted of two elements: “one, Donald Lamar Green intentionally touched or struck James Boyd against his will and, two, Donald Lamar Green, in committing the battery, used a deadly weapon.” The jury instructions for count II, aggravated battery upon another detainee in a detention facility, consisted of these same two elements, and added a third element: “three, Donald Lamar Green was detained in a facility.” These elements were consistently used in the instructions to the jury and argument of counsel.
The offenses are not “separate criminal offenses” for purposes of section 775.021(4)(a), Florida Statutes because count I did not require proof of an element in addition to the elements required to prove count II. We reject Appellee’s argument that the multiple stab wounds to the victim constitute separate offenses for each wound. In addition, section 784.082, Florida Statutes, provides for the “reclassification” of “the offense for which the person is charged” when the defendant committed the offense upon another detainee while both were detained in a detention facility. “Reclassification” does not create a new and separate offense, but changes the degree of the felony already charged.
Under the clear language of section 784.082, aggravated battery with a deadly weapon and aggravated battery with a deadly weapon by one detainee upon another are degree variants of the same offense, not separate offenses. See § 775.021(4)(b), Fla. Stat. (statutes describing degrees of same offense to be construed most favorably to accused). “Appellant cannot be convicted twice for the same offense arising from the same act.” Cook v. State, 813 So.2d 1010, 1012 (Fla. 1st DCA 2002); see also Hall v. State, 654 So.2d 253 (Fla. 1st DCA 1995) (reversing convictions for aggravated battery and aggravated battery on person 65 years of age or older, which arose from same facts).
Because the two convictions for aggravated battery are based on the same criminal episode, and because the element of the location of the aggravated battery in a detention facility reclassifies the offense but does not create a separate crime, the dual convictions constitute double jeopardy. Accordingly, the conviction and sentence for count I (aggravated battery) is reversed and this case remanded for the trial court to vacate the conviction and sentence for count I. The conviction for count II is affirmed and this case is remanded for resentencing on count II (aggravated battery in detention facility) under a revised criminal punishment code scoresheet.
AFFIRMED IN PART and REVERSED IN PART.
ROBERTS and CLARK, JJ., concur; THOMAS, J., concurs in result only.