PER CURIAM.
In this direct criminal appeal, appellant claims that (1) the trial court erred by allowing the state to exercise a peremptory challenge against a prospective juror without determining whether the state’s race-neutral reason was genuine; and (2) his convictions for two counts of resisting an officer with violence arising from a single episode constitute fundamental error because they violate the constitutional prohibition against double jeopardy. We affirm as to first claim due to a lack of preservation. Mobley v. State, 100 So.3d 1170 (Fla. 1st DCA 2012). However, the state correctly concedes error as to the second claim. Wallace v. State, 724 So.2d 1176 (Fla.1998); Johnson v. State, 747 So.2d 1027 (Fla. 2d DCA 1999); Jones v. State, 711 So.2d 633 (Fla. 1st DCA 1998). Accordingly, we reverse one of the convictions for resisting an officer with violence and remand with directions that the trial court vacate that conviction. Johnson, 747 So.2d at 1028; Jones, 711 So.2d at 634. Although this will result in a slight reduction in points on appellant’s scoresheet, our review of the record convinces us that the trial court would impose the same sentence for the remaining conviction on remand. Therefore, there is no need to remand for resentencing. Id.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
RAY, SWANSON, and MAKAR, JJ., concur.