PER CURIAM.
In this Anders[1] appeal, the State concedes that there is a double jeopardy violation which requires reversal for vacation of one of Appellant’s convictions. The information charged Appellant with sexual battery on a person aged 12 years or older, and lewd or lascivious battery on a person .aged 12 years or older but less than 16 years -of age, and the record indicates the charges were based upon the same event. Appellant entered an open plea to the court without reservation of this issue, but because this double jeopardy violation constitutes fundamental error, it may be addressed for the first time in a direct appeal. See Binns v. State, 979 So.2d 439 (Fla. 4th DCA 2008); Tannihill v. State, 848 So.2d 442 (Fla. 4th DCA 2003); Hunt v. State, 769 So.2d 1109 (Fla. 2d DCA 2000). Appellant is therefore entitled to vacation of the sentence imposed for lewd or lascivious battery. See Hill v. State, 114 So.3d 1071 (Fla. 1st DCA 2013).
We therefore affirm the conviction for the sexual battery, but reverse the conviction for lewd or lascivious battery and remand with instructions that the trial court vacate this conviction.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMAS, WETHERELL, and'RAY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).