IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


RICHARD LEROY CONNOLLY,

      Appellant,

 v.                             Case No.  5D17-1142

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 9, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant was convicted after trial of sexual battery upon a person aged twelve

years or older but less than eighteen years without causing serious personal injury; lewd

or lascivious battery upon a child aged twelve years or older but less than sixteen years

of age; and lewd or lascivious molestation upon a child twelve years of age or older but less than sixteen years of age. Appellant raises two arguments on appeal.

First, he asserts that the convictions for the sexual battery and lewd or lascivious battery violate the constitutional prohibition against double jeopardy[1] because both convictions are based upon the same criminal act. The State concedes error. *See Shipman v. State*, 171 So. 3d 199, 200 (Fla. 1st DCA 2015) (affirming defendant's conviction for sexual battery on a person aged twelve years or older, but reversing conviction for lewd or lascivious battery on a person aged twelve years or older but less than sixteen years of age based on double jeopardy principles because the record indicated that the charges were based upon the same event). Therefore, we reverse the conviction for lewd or lascivious battery. *See State v. Shelley*, 176 So. 3d 914, 919–20 (Fla. 2015) ("When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater." (quoting *Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006))).

Appellant's second argument is that there is a sentencing error in his conviction for lewd or lascivious molestation because the trial court's written sentence differs from its oral pronouncement of sentence on this count. The error has not been preserved for review. Florida Rule of Appellate Procedure 9.140(e) provides that a sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal at the time of sentencing or by a Florida Rule of Criminal Procedure 3.800(b) motion. "A written sentencing order that deviates from the [court's] oral pronouncement of sentence constitutes a 'sentencing error' subject to rule 3.800(b)."

---

[1] *See* Amend. V, U.S. Const.; Art I, § 9, Fla. Const.

*Brown v. State*, 225 So. 3d 319, 320 (Fla. 3d DCA 2017) (citing *Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008)). Because Connolly did not file a rule 3.800(b) motion or object to the error at the time of sentencing, his remedy is to file a legally sufficient motion with the trial court to correct the sentence pursuant to rule 3.800(a). *See id.* at 321 (citing *Williams v. State*, 957 So. 2d 600, 601 (Fla. 2007)).

Accordingly, we reverse Appellant's conviction for lewd or lascivious battery and remand with instructions that the trial court vacate this conviction and sentence. We affirm the remaining convictions and resulting sentences, but do so without prejudice to Appellant filing a legally sufficient motion under rule 3.800(a) to correct his sentence for the lewd or lascivious molestation conviction.

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J., BERGER and LAMBERT, JJ., concur.