FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-0617
_____

JERRY RICHARDSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
John F. Simon, Jr., Judge.


June 19, 2024


RAY, J.


Jerry Richardson challenges his convictions for both detainee battery and felony battery based on a prior conviction. He argues that his sentences on both convictions are two punishments for the same offense, in violation of his constitutional protection from double jeopardy. We agree.

While incarcerated at the county jail, Richardson punched another inmate in the face and fractured his jaw. He was charged with one count of detainee battery under section 784.082(3), Florida Statutes, and one count of felony battery either by causing great bodily harm under section 784.041(1)(b), Florida Statutes, or, alternatively, based on a prior battery conviction under section 784.03(2), Florida Statutes. The jury convicted him of detainee

battery. But it acquitted him of felony battery based on great bodily harm and, instead, convicted him of the lesser offense of simple battery. The State then presented additional evidence of his prior convictions, and the jury returned a guilty verdict for felony battery based on a prior battery conviction. The trial court sentenced him to the statutory maximum of five years in prison on each count, to run consecutively. This appeal followed.

Double jeopardy claims based on undisputed facts present purely legal questions subject to de novo review. *See State v. Florida*, 894 So. 2d 941, 945 (Fla. 2005). Despite Richardson's failure to raise this issue in the trial court, a double jeopardy violation is fundamental error that may be addressed for the first time on appeal. *See Lippman v. State*, 633 So. 2d 1061, 1064 (Fla. 1994) (determining that a double-jeopardy claim was not procedurally barred from being raised in post-conviction motion because "[t]he prohibition against double jeopardy is 'fundamental'" (quoting *Benton v. Maryland*, 395 U.S. 784, 795–96 (1969))); *State v. Johnson*, 483 So. 2d 420, 422–23 (Fla. 1986) (determining that a double-jeopardy claim is fundamental and was not waived by a guilty plea or the failure to raise it before trial); *Shipman v. State*, 171 So. 3d 199, 200 (Fla. 1st DCA 2015).

Both the United States and Florida Constitutions guarantee against being placed in jeopardy twice for the same offense. *See* U.S. Const. amend. V; Art. I, § 9, Fla. Const.; *Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002) ("The scope of the Double Jeopardy Clause is the same in both the federal and Florida Constitutions."). Since it is the role of the Legislature to define crimes and fix punishment, the question of what punishments are constitutionally permissible is one of legislative intent. *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."); *see also Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (explaining that the "protection against cumulative punishments [] is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature" and that the legislature has "the substantive power to prescribe crimes and determine . . . whether punishments are 'multiple'"); *Trappman v. State*, 49 Fla. L. Weekly S34 (Fla. Feb. 8, 2024) (noting that even

if two offenses are the same, the double-jeopardy inquiry is over "if it is evident that a state legislature intended to authorize cumulative punishments" for those offenses).

To that end, the Legislature has expressed its intent "to convict and sentence for each criminal offense committed in the course of one criminal episode," subject to three exceptions:

> 1. Offenses which require identical elements of proof.[*]

> 2. Offenses which are degrees of the same offense as provided by statute.

> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(b), Fla. Stat. *See Trappman*, 49 Fla. L. Weekly S34 (Fla. Feb. 8, 2024) ("In Florida, the legislature has acted to provide very specific guidance concerning the general rules for determining when separate punishments are properly applied for separate offenses that are committed during one criminal transaction or episode."); *State v. Smith*, 547 So. 2d 613, 616 (Fla. 1989) (explaining that "[s]ubsection 775.021(4)(b) is the specific, clear, and precise statement of legislative intent" that serves "as the controlling polestar" that guides double-jeopardy analysis); *State v. Anderson*, 695 So. 2d 309, 311 (Fla. 1997) ("Legislative intent [clearly reflected in the Florida Statutes] is the polestar that guides our analysis in double jeopardy issues. . . .").

Here, the undisputed facts show that Richardson's convictions arose from a single criminal episode. He threw a single punch, hitting one victim in the face. He argues that the second statutory exception applies because both detainee battery and felony battery based on a prior conviction are degree variants of the same offense, simple battery.

---

[*] Section 775.021(4)(b)1. codifies the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299 (1932). *See State v. Maxwell*, 682 So. 2d 83, 84 (Fla. 1996).

Two offenses can be degree variants when one is an aggravated form, or higher degree, of the other. *Valdes v. State*, 3 So. 3d 1067, 1076 (Fla. 2009) (citing theft, homicide, and arson statutes as examples of statutes providing for variations in degree of the same underlying offense). The degree-variant exception can apply even though the Legislature did not use the word "degree" when defining a crime. *Id.* In *Valdes*, the supreme court construed the second statutory exception and receded from earlier cases applying the "primary evil" test. *Id.* at 1077. That test improperly strayed from the plain language of the statute by requiring courts to make a subjective determination of the harm each offense sought to address. *Id.* at 1074–75. What matters instead, the court clarified, is whether the crimes are "degrees of the same offense as provided by statute." *Id.* In this context, the term "degree" means "a level based on the seriousness of an offense." *Id.* at 1076 (quoting BLACK'S LAW DICTIONARY 456 (8th ed. 2004)). To this end, we look to "factors such as whether the offenses are located in the same statute, share a common name, contain similar formal elements, and criminalize similar conduct." *Velazco v. State*, 342 So. 3d 614, 617 (Fla. 2022) (citing decisions exemplifying the application of these factors).

The underlying "offense" in question here is "battery." The two statutes of conviction—sections 784.082 and 784.03—are located in the chapter titled, "ASSAULT; BATTERY; CULPABLE NEGLIGENCE." The former statute refers in its label to "Assault or battery" on a jail or prison detainee and to "reclassification of offenses." The latter statute is labeled "Battery; felony battery." Both criminalize the same basic conduct: the intentional touching of another against his or her will or otherwise intentionally causing bodily harm to another. *Cf. Velazco*, 342 So. 3d at 619 (engaging in a similar analysis regarding a DUI statute).

Each statute, in turn, increases the punishment for that offense based on the seriousness of the resulting harm or the aggravated nature of the conduct involved in the offense. *Cf. id.* Section 784.082(3), in effect, reclassifies battery from a misdemeanor of the first degree to a felony of the third degree when the defendant and the victim are both detainees in a prison, jail, or other detention facility. This court has previously explained that this "reclassification" based on detainee status "does not

create a new and separate offense, but changes the degree of the felony already charged." *Green v. State*, 84 So. 3d 356, 357 (Fla. 1st DCA 2012). Section 784.03(2), meanwhile, "reclassifies simple battery as a felony battery because of a prior battery conviction." *Johns v. State*, 971 So. 2d 271, 272 (Fla. 1st DCA 2008). Battery on a fellow detainee and battery following a prior battery conviction, then, are "degrees of the same offense" of battery, and the Legislature tells us expressly that the courts are not to impose cumulative punishments for the two "offenses."

Because Richardson's convictions for detainee battery and felony battery based on a prior conviction arose from the same criminal episode and are aggravated forms or higher degrees of simple battery, the dual punishments imposed by the trial court exceed the authority given by the Legislature and thereby violate the constitutional protection against double jeopardy. *Accord Ramirez v. State*, 113 So. 3d 105, 108 (Fla. 5th DCA 2013) (holding that two pairs of convictions violated double jeopardy—one for felony battery based on a prior conviction and domestic battery by strangulation, and one for felony battery based on a prior conviction and battery on a law enforcement officer—because each offense was a higher degree of simple battery).

For these reasons, we affirm Richardson's conviction for detainee battery, but we vacate his conviction and sentence for felony battery based on a prior battery conviction and remand for resentencing on the detainee battery count. *Cf. State v. Shelley*, 176 So. 3d 914, 919 (Fla. 2015) (approving vacatur of lesser offense where "dual convictions . . . based upon the same conduct impermissibly place[d the defendant] in double jeopardy"); *Pizzo v. State*, 945 So. 2d 1203, 1206, 1207 (Fla. 2006) (concluding that the district court of appeal "should have vacated" the "lesser offenses" as a remedy for a double-jeopardy violation, because "[w]hen an appellate court determines that dual convictions are impermissible, [it] should reverse the lesser offense conviction and affirm the greater"); *State v. Barton*, 523 So. 2d 152, 153 (Fla. 1988) (holding that when there are two convictions for the same offense, "the conviction of the lesser crime should be set aside"); *see also Whitfield v. State*, 202 So. 3d 456, 459 (Fla. 5th DCA 2016) (holding that when both counts involve felonies of the same degree,

the proper remedy for a double jeopardy violation is to vacate the count with the lower scoresheet level).

AFFIRMED in part, VACATED in part, and REMANDED.

TANENBAUM, J., concurs; KELSEY, J., dissents with opinion.

––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––

KELSEY, J., dissenting.

To hasten disposition of this case, I will not belabor my dissent, which after all is of no real legal effect. Simply put, the majority fails to give proper legal effect to the separate elements of Appellant's two crimes and the Florida Legislature's intent in codifying them in two separate statutes. The Legislature did not make them degree variants, reclassifications, or enhancements. To the contrary, detainee battery under section 784.082(3) addresses detainee safety and institutional order, while section 784.03(2) addresses a specific separate problem: repeat offending by batterers. While the latter statute punishing repeated batteries is an enhancement of the crime of battery itself, it does not follow that it is an enhancement of a completely separate crime, detainee battery. Neither crime is a lesser-included offense of the other, and simple battery is not a lesser-included offense of either. Appellant's sentences comport with the respective statutes violated, and are valid under governing law. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Valdes v. State*, 3 So. 3d 1067, 1076–77 (Fla. 2009); *Stephens v. State*, 331 So. 3d 1241, 1253 (Fla. 1st DCA 2022). We should affirm.

––––––––––––––––––––

Jessica J. Yeary, Public Defender, and Megan Lynne Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Zachary Lawton, Assistant Attorney General, Tallahassee, for Appellee.