873 So.2d 1278 (2004)
Neil ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4513.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
*1279 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant, convicted of robbery and aggravated assault, argues that we should grant a new trial because the trial court erred in allowing the state to exercise a peremptory challenge to a black juror where no race-neutral reason was given. We reverse.
During voir dire the prosecutor questioned a black juror, attempting to ascertain whether she could convict based on the testimony of one witness whom she believed, if there was contradictory testimony from three witnesses, and she indicated she would "go with who [she] believed." She gave the same response when the prosecutor changed the hypothetical to one witness whom she believed compared to ten who told a different story. The prosecutor then went on as follows:
[State]: I'm not expecting you to have to do that. But if you believe that one personlet's say you only hear from one person and you believe that A happened, and that A constitutes a crime. Would you have a problem finding the person guilty?
[Juror]: I don't know. It depends on the situation. It's very difficult. You're not giving me any facts so I can't tell you whether I would find the person guilty.
[State]: You believe the person, so regardless of what the facts are, you believe them to be true. And the Judge would instruct you if you find those facts, plug them into the wall, it would constitute a crime.
We're going beyond what the facts are based on just one person's word. If you believe that one person, would you be able to find the person guilty?
[Juror]: Yes.
[State]: Is there any difference between the first scenario of one and three and the second scenario in your mind of just one person testifying?
[Juror]: Well, there is a difference because three people saying this is what happened, people are stating it and there's one person that states that this happened___
[State]: Again, you already believe the 1/10 scenario. There's no difference to you then?
[Juror]: No
[State]: Does anybody disagree. There's obviously a difference. I've heard from four people and I can make a decision. Anybody feel that way?
The state then exercised a peremptory strike on this juror and, following the defendant's objection that it was racially based, the state explained:
I'll be happy to answer. Ms. Campbell is the individual I specifically questioned as far as whether or not she would believe one person versus four people, *1280 one versus ten people, or one person alone. She could not tell me why she could make a difference based upon she would believe one person over ten but not one person's testimony alone. She said it would be hard for her to do that and she would be uncomfortable.
Appellant responded that that was not a proper reason because the juror hadn't heard any evidence. The court announced it was of the opinion that the explanation was race neutral and permitted the strike without further explanation.
It was the state's obligation, when the defendant objected to the peremptory strike, to provide a facially race-neutral reason which is supported in the record. Rimmer v. State, 825 So.2d 304, 320 (Fla.2002). We acknowledge that some of the answers given by the juror are not entirely clear; however, we attribute that to the awkward manner in which some of the questions were phrased. Considering the answers in light of the questions, this record does not support the state's explanation that this prospective juror could believe "one person over ten but not one person's testimony alone." Nor did she say it would be "hard for her to do that and she would be uncomfortable." We must accordingly reverse. White v. State, 754 So.2d 78 (Fla. 3d DCA 2000). We find the remaining issues to be without merit. Reversed for a new trial.
WARNER and GROSS, JJ., concur.