980 So.2d 1102 (2008)
Carlton DOE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4401.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
*1103 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant was convicted of multiple counts of burglary of a dwelling and grand theft and one count of possession of burglary tools. He appeals the judgment of conviction on one burglary charge (Count IX) and one grand theft charge (Count X). As to those, he challenges the sufficiency of the evidence regarding ownership of the premises and personal property and the value of the property stolen. We affirm on these issues, but write to address appellant's argument that the trial court erred in allowing the state's peremptory strikes of two black jurors where the facially race-neutral reasons given by the state were not supported by the record.
During voir dire, the prosecutor questioned two black jurors, Ms. Collins and Ms. Davis, attempting to ascertain whether they could understand the difference between the concepts of "possible" and "reasonable" doubt. The following exchange took place between the prosecutor and the two jurors:
MR. COLEMAN [prosecutor]: . . . Ms. Collins, play along with me here for a second. Let's say I tell you that I came to work today in a helicopter, I scaled down the side of the building and I entered into the roof of my office which overlooks the ocean on my government salary. Is it possible that that's how I came to work today?
MS. COLLINS: No, that's not possible.
MR. COLEMAN: Why is it not possible? What if I won the lotto?
After some interruptions, the prosecutor continued,
MR. COLEMAN: Thank you, Judge. Ms. Collins, I think we left off on, is it possible that I came to work in a helicopter, scaled down the side of the building to get to work today.
MS. COLLINS: No.
MR. COLEMAN: It is not possible at all?
MS. COLLINS: All depends, how big is that building and how much space did you have?
MR. COLEMAN: But is it possible that that's how I got here today?
MS. COLLINS: No.
MR. COLEMAN: Impossible?
MS. COLLINS: Impossible.
MR. COLEMAN: Okay. Ms. Davis, is it possible that's how I got here today?
MS. DAVIS: No.
MR. COLEMAN: Not possible at all?
MS. DAVIS: No.
MR. COLEMAN: What about anything is possible?
MS. DAVIS: Can be possible, but.
MR. COLEMAN: What was that?
MS. DAVIS: But according toyou came in the helicopter by the side of the building.
MR. COLEMAN: Yep.
MS. DAVIS: Very impossible for you to be here today.
THE COURT: Speak up, please, ma'am.

*1104 MR. COLEMAN: Talk a little louder for us. Here's a question, is it reasonable to think that's how I came to work today?
THE PANEL: No.
MR. COLEMAN: Is it possible that's how I came to work today?
THE PANEL: Yes.
MR. COLEMAN: Everybody kind of get the point? There's a difference between the two. Just because something is possible does not mean it is reasonable. But if something is reasonable clearly it is possible. Everybody gets that concept? Standard I'm held to is a reasonable doubt. The Judge is going to officially define it for you later. I'm going to be shocked if it doesn't go something along the lines of, a reasonable doubt is not a mere possible doubt, speculative, imaginary or forced doubt. If you go to take a round peg, jam it into a square hole we are passed reasonable doubt at that point. Just because it is possible that something could have happened doesn't make it so, doesn't make it reasonable. Can everybody agree that the standard you are going to hold me to is reasonable and that there is a difference between possible and reasonable, will everybody do that?
THE PANEL: Yes.
The prosecutor later moved to strike Ms. Davis and Ms. Collins. Noting that these women were the last remaining black members on the panel, defense counsel objected and asked for a race-neutral reason for the peremptory strikes. The prosecutor responded that these two jurors had a hard time understanding the difference between "possible" and "reasonable." The trial judge agreed and determined that this was a race-neutral reason for striking them.
Defense counsel did not challenge the facts on which the strikes were based and thus failed to preserve this issue for appellate review. See Hoskins v. State, 965 So.2d 1, 9 (Fla.2007) (holding that capital murder defendant failed to preserve for appellate review his claim that state's non-discriminatory reason for exercising peremptory challenge against an African-American prospective juror was not genuine, where defendant did not question the facts on which the challenge was based and citing Rimmer v. State, 825 So.2d 304, 321 (Fla.2002) ("The trial court . . . cannot be faulted for accepting the facial reason offered by the State, especially where the State's facial assertion went unchallenged by the defense.")).
Although we must affirm on this jury selection issue because it was not properly preserved, we feel compelled to comment on the state's proffered reason for exercising peremptory challenges against these prospective jurors. The state asserted that Ms. Davis and Ms. Collins had difficulty understanding the concept of reasonable doubt based on their responses to the state's questions. We agree with the state that "[t]he fact that a juror is having difficulty understanding the concept of reasonable doubt is, on its face, a race neutral reason for a peremptory challenge within the meaning of Melbourne v. State."[1]Carter v. State, 762 So.2d 1024, 1026 (Fla. 3d DCA 2000) (citing Soto v. State, 751 So.2d 633, 637 (Fla. 4th DCA 1999)).
However, the problem here is that the hypothetical questions posed by the prosecutor regarding scenarios that were "possible" versus "reasonable" were too confusing to be considered a valid test of the jurors' understanding of the concept of *1105 reasonable doubt. The record indicates that these two jurors were the only members of the panel called upon to form an opinion on these puzzling hypotheticals. Further, unlike the rest of the panel, these jurors were not explained the distinction the prosecutor was trying to draw between "possible" and "reasonable" doubt before their responses were elicited and construed by the prosecutor and the trial court as an indication of their lack of understanding of the reasonable doubt standard. The record indicates that after the prosecutor explained the point of his questions, the entire panel, including these two black jurors, acknowledged that they understood the difference between possible and reasonable and agreed to hold the state to a reasonable doubt standard.
If a peremptory strike is based on faulty answers to awkward questions, the explanation for the strike may be considered unreasonable in some circumstances. See Anderson v. State, 873 So.2d 1278, 1280 (Fla. 4th DCA 2004) (holding that the prosecutor's race neutral reason for striking an African-American prospective juror was not supported by the record and noting that the juror's unclear answers to the prosecutor's questions were attributable to the awkward manner in which they were phrased). "[W]hile a trial court's inquiry should not focus on the reasonableness of the asserted nonracial motive, this does not mean that a trial court must ignore the reasonableness of the asserted explanation. As stated in Melbourne, reasonableness is another factor that a trial court may consider in assessing genuineness." Shuler v. State, 816 So.2d 257, 259 n. 2 (Fla. 2d DCA 2002).
For the reasons stated above, we do not determine the merits of appellant's argument in this case that the prosecutor's exercise of peremptory challenges was racially motivated. We conclude our opinion by cautioning litigants generally against singling out prospective jurors for questioning on complicated and confusing hypotheticals and then using their elicited responses as facially race-neutral reasons for challenging them. If such trial tactics are permitted, Melbourne's goal of eliminating racial discrimination in the exercise of peremptory challenges will be undermined and defeated.
Affirmed.
SHAHOOD, C.J., and LEVIN, STEVEN J., Associate Judge, concur.
NOTES
[1] See Melbourne, 679 So.2d 759 (Fla. 1996).