994 So.2d 1191 (2008)
Stephanie BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4205.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Stephanie Brown, appeals the trial court's order withholding adjudication and sentencing her to two years of probation. This court has jurisdiction. Fla. R. App. P. 9.140(b)(1)(A).
Brown was charged with throwing a deadly missile into a dwelling, resisting an officer without violence, and criminal mischief, for events occurring on July 27, 2005. During jury selection, the state moved to strike juror number three, Regis Ramkhelawan, using a peremptory challenge. Defense objected as follows:
DEFENSE: We need a racially neutral reason, Your Honor. Being the defendant is African American, Mr. Regis is of a minority, and we would like racially neutral reason for him being struck.
STATE: He just wasn't very talkative, wasn't participating.
COURT: I'm going to accept the challenge. Juror number 15?
DEFENSE: You are striking over objection?
COURT: Striking over.
DEFENSE: Over defense objection, Your Honor.
COURT: Yes, sir, I know.
The judge then moved on to discuss the next juror with no further consideration of the reasons for the state's strike. Brown accepted the jury subject to the objections made concerning the strikes, specifically naming juror Ramkhelawan. At the conclusion of the trial, defense again renewed the jury selection objections. Brown was found guilty as charged on all three counts.
On appeal, Brown argues that the trial court erred by allowing the state's peremptory challenge without conducting a proper genuineness analysis of the state's race-neutral reason for the strike as required by Melbourne v. State, 679 So.2d 759 (Fla.1996). The state counters that the issue was not properly preserved for *1192 appeal, and that even if it was, Brown has not presented any error by the court.
The issue of whether the trial court erred in allowing a peremptory strike over defense objection was not properly preserved because Brown never objected to the state's proffered race-neutral reason for its strike. Although defense counsel objected to the strike initially, to properly preserve this issue for appeal, defense counsel must "place the court on notice that he or she contests the factual existence of the reason." Floyd v. State, 569 So.2d 1225, 1229 (Fla.1990); Hoskins v. State, 965 So.2d 1, 9 (Fla.2007); Doe v. State, 980 So.2d 1102, 1104 (Fla. 4th DCA 2008). In the present case, defense counsel was required to point out that there were other jurors who had been just as quiet as Ramkhelawan, if not more so, but who had not been challenged, and thus, that the state's proffered race-neutral reason was pretextual. Because the issue was not preserved, we will not address whether the trial court erred in allowing the strike.
Affirmed.
KLEIN and STEVENSON, JJ., concur.