GROSS, C.J.
 

 Appellant was convicted of robbery, burglary, grand theft, and attempted aggravated battery. We write to address his argument that the state improperly exercised a peremptory challenge against an African-American juror. We affirm, because appellant failed to preserve his claim that the prosecutor’s challenge to a prospective juror was based on non-verbal behavior unsupported by the record.
 

 The state exercised a peremptory challenge against juror Sanders. The prosecutor explained that the juror “was sleeping. He had his eyes closed and I was watching him for ten minutes.” The attorney for the codefendant said that she “didn’t see him sleeping at all,” to which the trial judge replied, “I didn’t see him sleeping either.” However, appellant’s attorney did not dispute the prosecutor’s observation; he said, “Whether he’s sleeping or not, if he had his eyes closed, it doesn’t matter. He can still be listening. He could be resting his eyes.” The trial court allowed the peremptory challenge. Although appellant’s attorney generally objected to the exercise of the challenge, he did not directly refute the prosecutor’s adamant claim that the juror had been sleeping.
 
 [1]
 

 Appellant mainly relies on
 
 Dorsey v. State,
 
 868 So.2d 1192 (Fla.2003). There, the state exercised a peremptory challenge against an African-American woman, on the ground that she “appeared disinterested throughout” and “was sort of staring at the wall.”
 
 Id.
 
 at 1194. Defense counsel disputed the prosecutor’s observations by pointing out that the woman was attentive and was the only person to indicate that she was happy to be at jury duty.
 
 Id.
 
 The trial court allowed the state’s challenge, stating that, although he “didn’t notice” the woman’s disinterest, he would
 
 *374
 
 “take [the prosecutor] at her word.”
 
 Id.
 
 at 1195 (brackets in original).
 

 The supreme court reversed and held that the state did not satisfy its burden of production under step 2 of the
 
 Melbourne v.
 
 State
 
 [2]
 
 analysis, since it did not proffer a non-discriminatory reason for the challenge that was either observed by the trial court or supported by the record.
 
 Dorsey, 868
 
 So.2d at 1199-1200, 1202-03. Step 2 of the
 
 Melbourne
 
 process requires the proponent of a strike to offer a “raceL neutral explanation” for the strike.
 
 Melbourne,
 
 679 So.2d at 764. A race-neutral explanation is one where “no predominant discriminatory intent is apparent” from the given explanation, taken at face value.
 
 Id.
 
 at 764 n. 6. In essence, the supreme court in
 
 Dorsey
 
 created a new hurdle for a proponent of a strike when the basis is nonverbal behavior. Such nonverbal behavior must either be observed by the trial court or supported by the record.
 

 Significantly, however, before this hurdle arises, “opposing counsel [must] challenge[ ] the factual basis for the explanation [if] the trial court does not observe the behavior, and the record does not otherwise support the reason advanced.”
 
 Dorsey,
 
 868 So.2d at 1196 (footnote omitted). The supreme court was clear on the need for a lawyer to preserve a
 
 Dorsey
 
 claim: “[T]his issue does not arise where the opponent does not dispute the observation proffered as the reason for the strike.”
 
 Id.
 
 at 1196 n. 3 (citation omitted). Failure to preserve the issue removes the
 
 Dorsey
 
 hurdle.
 

 In this case, unlike the codefen-dant’s lawyer, appellant’s attorney did not preserve his claim as required by
 
 Dorsey
 
 because he did not expressly dispute the prosecutor’s observations about juror Sanders. At best, the defense attorney conceded that the juror’s eyes may have been closed, but suggested that the juror may not have been sleeping. Sleeping is a race-neutral reason for exercising a challenge against a prospective juror.
 
 See Davis v. State,
 
 560 So.2d 1346, 1347 (Fla. 3d DCA 1990). As the supreme court stated in
 
 Dorsey,
 
 once the “burden of production is satisfied, the proponent is entitled to the presumption that the reason is genuine.”
 
 Dorsey,
 
 868 So.2d at 1199.
 

 On the remaining issue, we find no error in the trial court’s denial of appellant’s motions for judgment of acquittal, because the state presented evidence sufficient to establish all the elements of the crimes charged. As to the grand theft charge, there was evidence that appellant had possession of the recently stolen van, which gave rise to the presumption that he knew, or should have known, it was stolen.
 
 See
 
 § 812.022(2), Fla. Stat. (2008).
 

 Affirmed.
 

 MAY and CIKLIN, JJ., concur.
 

 [1]
 

 . At one point, the prosecutor asserted:
 

 I saw him sleeping. As an officer of the court, I saw his eyes close for over five minutes. I looked at the clock when I first looked at him. I watched the clock, I watched his eyes. Again, and I would also ask the court to take judicial notice of the other members of the — of the panel. It's a diverse panel.
 

 The state did not exercise any challenge as to three other African American members of the venire. The “racial make-up of the venire" is a circumstance that a court may take into consideration in ruling on the genuineness of a proffered race-neutral explanation for a strike.
 
 Young v. State,
 
 744 So.2d 1077, 1082 (Fla. 4th DCA 1999) (quoting
 
 Melbourne,
 
 679 So.2d at 764 n. 8).
 

 [2]
 

 . 679 So.2d 759 (Fla.1996).