CLARK, J.
Tony Mobley appeals his judgment and sentence, after jury verdict of guilty, for trafficking in hydrocodone while armed with a firearm and possession of a firearm by a convicted felon. He challenges the jury selected and alleges that the trial court failed to comply with Melbourne v. State, 679 So.2d 759 (Fla.1996) when it allowed the State’s peremptory challenge and strike of an African-American prospective juror. The judgment and sentence are affirmed.
During the selection conference, the State asserted a peremptory challenge to prospective juror number 4. The defense timely objected, stated for the record that the potential juror was an employed African-American man with no remarkable criminal history, and asked for the State’s reason for the strike. The court inquired of the State its race-neutral reason. The State responded that the potential juror candidly admitted that he had been arrested before, and that although the potential juror believed the case was concluded, the State had knowledge that his case was pending on appeal.
The court first denied the State’s peremptory strike, but as the conference progressed, there was some confusion about whether jury panel member number 4 had been struck. The following exchange took place:
MR. TEICHERT (State): Your Honor, may the State inquire just to clarify for the record? Just so I’m clear, as to Juror No. 4, Mr. Martin, our peremptory challenge based on the fact that he has a pending appeal was denied, correct?
THE COURT: Right. So it’s the State’s strike.
MR. BOSTON (Defense): I show that the remaining people are No. 3, No. 4, No. 7, and No. 10.
THE COURT: No. 4 was struck by the State, wasn’t it?
MR. BOSTON: No, sir. I challenged that and the Court upheld the challenge.
THE COURT: I thought they exercised — you didn’t exercise one of your strikes?
MR. TEICHERT (State): Yes, sir, we did.
MR. BOSTON (Defense): He did and I challenged it on—
THE COURT: Okay. I see. That’s the one we did.
MR. BOSTON: Correct.
THE COURT: Right.
MR. BOSTON: So we’ve got right now 3, 4, 7,16 10,11,12.
THE COURT: Well, that’s not what I said on Martin. I said that Martin— he had the right to strike Martin. That was my final answer to it.
MR. TEICHERT: So it was a race-neutral reason.
*1172 THE CLERK: So in that case, Your Honor, the State has used two strikes.
THE COURT: That’s correct, 1 and 4. The defense has used 2, 5, 6, and 8.
Accordingly, potential juror number 4 was struck from the panel via the State’s peremptory challenge.
At the beginning of trial, immediately prior to the jury being sworn, the defense renewed its objection to the State’s peremptory strike. The court and counsel stated:
THE COURT: Okay. All right. What about juror number 4, counsel, State?
MR. TEICHERT: Your Honor, the State would rely on the previous arguments made on Monday that Mr. Martin was asked if he had ever been arrested. He was truthful in that light but then he stated that his case had been dismissed. The state placed on the record and continues to stand behind its position that his case is currently pending on appeal and that was the basis for us striking him, the race neutral basis for us striking him.
THE COURT: I find that to be a race neutral reason so I’ll stand on what I said originally. Anything else?
MR. BOSTON: I think that’s everything I need to put on the record.
After the evidence was closed, the defense renewed its objection “on the Neil issue on jury selection.” The court denied the objection without discussion. When the jury retired to deliberate, defense counsel again renewed the objection to the striking of potential juror number 4, and the court stated: “Same ruling.”
In his motion for new trial, Appellant asserted that the State’s improper peremptory challenge and resulting strike of panel member number 4 entitled him to a new trial. Without discussion or further argument, the trial court denied the motion at the sentencing hearing.
Appellant’s challenge to the trial court’s failure to explicitly rule on the genuineness element of the procedure described in Melbourne v. State, 679 So.2d 759 (Fla.1996) was not preserved for appellate review by the defense, as the opponent of the strike. “Once the state has proffered a facially race-neutral reason, a defendant must place the court on notice that he or she contests the factual existence of the reason.” Carter v. State, 762 So.2d 1024, 1026 (Fla. 3d DCA 2000).
While defense counsel in this case clearly renewed a general objection to the State’s peremptory challenge at every opportunity, counsel never asserted that the State’s reasons, found by the court to be race-neutral, were not genuine or were mere pretexts for a racially motivated strike. Counsel’s repetition of “I renew my objection,” without more, did not alert the trial court of the defense’s position that the potential juror’s misstatement about his pending appeal was pretextual. As such, the trial court was not apprised of the need to more clearly state on the record its finding that the race-neutral reason was genuine and not a pretext.
Upon the court’s determination that a reason is racially neutral, the burden of moving forward with evidence of purposeful discrimination remains with the opponent of the strike. See Bowden v. State, 787 So.2d 185, 188 (Fla. 1st DCA 2001). Absent proof to the contrary, peremptory challenges are still presumed to be exercised in a non-discriminatory manner. In other words, the opponent who seeks to continue with its challenge to the strike after the court has found the reason race-neutral must rebut the presumption that the peremptory strike is being used in a nondiscriminatory manner by voicing a specific objection that the reason is not genuine or is a pretext. Davis v. State, *1173 691 So.2d 1180 (Fla. 3d DCA 1997) (defendant objected to trial court’s ruling that State’s reason was race-neutral but did not articulate reason for objecting; issue of “genuineness” not argued to trial judge and thus not preserved for appeal).
The opponent of the strike cannot generally object to the trial court’s determination that the reason is race-neutral without any request or other notice to the court that it seeks a more specific determination of genuineness, and then appeal the trial court’s ruling for failure to further specify its ruling. As stated in Melbourne v. State, 679 So.2d at 765, “[t]he right to an impartial jury guaranteed by article I, section 16, is best safeguarded not by an arcane maze of reversible error traps, but by reason and common sense.” The State’s reasons for striking the potential juror in this case were determined by the trial court to be race-neutral. The defense’s general renewal of its objection was insufficient to rebut the presumption that the peremptory challenge was exercised in a nondiscriminatory manner.
AFFIRMED.
PADOVANO and THOMAS, JJ„ concur.