TAYLOR, J.
Defendant, Michael Denis, appeals his conviction for felony criminal mischief (causing damage to property valued at $1,000 or more). He argues that the trial court erred in failing to conduct a “genuineness analysis” of the State’s peremptory challenge of an African-American juror. We agree and reverse for a new trial.
During jury selection, the state initiated a peremptory challenge against a prospective juror, and the following exchange occurred:
[DEFENSE]: Um, let the record reflect this person is African-American and I would ask that the state um cite a race neutral reason for that strike.
[STATE]: She had her eyes closed and was dozing off while the judge was speaking.
[DEFENSE]: I didn’t observe that. I don’t know if the court did.
[THE COURT]: No, I didn’t, but I’ll take [the State]’s word for it. And I guess that would be a legitimate race neutral reason.
The court allowed the strike and the parties then discussed the remaining veni-re members. After jury selection and before the jury was sworn, defense counsel stated that she accepted the jury “subject to the prior objection.”
The defendant argues that the trial court erred in failing to conduct a genuineness analysis of the state’s peremptory challenge. The state responds that the defendant did not preserve the issue for appellate review because he did not specifically object to the state’s proffered race-neutral reason for the strike and merely renewed a general objection before the jury was sworn.
*585 In Melbourne v. State, 679 So.2d 759, 764 (Fla.1996), the Florida Supreme Court set forth a three-step procedure for challenging a peremptory challenge on the grounds that the challenge was made on a discriminatory basis. In the first step, the opponent of the strike must: “a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.” Id. (footnotes omitted). In the second step, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation. Id. Finally, in the third step, if the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained. Id.
Preservation of an objection to the use of a peremptory strike requires more than one objection: an objection to initiate a Melbourne inquiry and another objection before the jury is sworn in. See Carratelli v. State, 961 So.2d 812, 818 (Fla.2007); Burgess v. State, 117 So.3d 889, 892 (Fla. 4th DCA 2013). Moreover, if the proponent of the peremptory strike proffers a facially race-neutral reason for the strike during step 2 of the Melbourne procedure, the party objecting to the strike must preserve the issue by putting the court on notice that he or she contests the factual assertions on which the strike is based. See Hoskins v. State, 965 So.2d 1, 9 (Fla.2007) (stating that the defendant’s failure to question the facts on which the strike was based waived the issue for review); Doe v. State, 980 So.2d 1102, 1104 (Fla. 4th DCA 2008) (affirming the trial court’s decision to sustain the peremptory strike because “defense counsel did not challenge the facts on which the strikes were based and thus failed to preserve this issue for appellate review”).
In this case, the defendant followed the procedures for preserving the peremptory challenge for appellate review. Defense counsel objected to the state’s use of the peremptory strike by asking for a race-neutral reason for the strike. See Foster v. State, 767 So.2d 525, 528 (Fla. 4th DCA 2000) (holding that simply requesting a gender or race neutral reason for a peremptory strike is sufficient to initiate a Melbourne inquiry and lodge an adequate objection, even where the opponent of the strike does not incant the words “I object”).
Then, after the state proffered its race-neutral reason for the strike — that the juror had fallen asleep during voir dire— defense counsel contested the factual basis of the state’s reason by informing the court that defense counsel did not see the juror fall asleep and asking the court to address whether it witnessed this behavior. The trial court was thus put on notice that defense counsel questioned the genuineness of the state’s reason for the challenge and the issue was preserved for our review. Cf. Mobley v. State, 100 So.3d 1170, 1173 (Fla. 1st DCA 2012) (holding that the defendant waived his objection to the state’s peremptory strike by failing to. voice a specific objection that the state’s proffered reasons for the strike were not genuine or were mere pretexts).
In addition to making a proper objection to initiate a Melbourne inquiry, defense counsel preserved her objection to the state’s peremptory challenge before the jury was sworn in by accepting the jury “subject to prior objections.” Carratelli, 961 So.2d at 318; Burgess, 117 So.3d at 892.
We next consider the merits of the defendant’s argument that the trial court failed to conduct a proper genuineness *586 analysis of the state’s race-neutral reasons for the peremptory challenge. A genuineness analysis is the third step of the Melbourne procedure. Melbourne, 679 So.2d at 764. It requires the trial court to assess whether the reasons provided by the proponent of the peremptory strike are both race-neutral and genuine. In doing so, the trial court must consider all relevant circumstances surrounding the strike. Id. n. 8.
Although “the Melbourne procedure does not require the trial court to recite a perfect script or incant specific words in order to properly comply with its analysis under step three,” Hayes v. State, 94 So.Bd 452, 468 (Fla.2012), “ ‘Melbourne does not relieve a trial court from weighing the genuineness of a reason just as it would any other disputed fact.’” Id. (quoting Dorsey v. State, 868 So.2d 1192, 1202 (Fla. 2008)).
“Therefore, where the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court ... cannot assume that a genuineness inquiry was actually conducted .... ” Hayes, 94 So.3d at 463; see also Cook v. State, 104 So.3d 1187, 1190 (Fla. 4th DCA 2012) (holding that where the trial court did not articulate any analysis on the record and merely summarily sustained the state’s peremptory challenges, the trial court did not conduct the genuineness analysis of step three, as required by Melbourne).
Where the record has not provided us with any indication that the trial court engaged in the genuineness inquiry required by Melbourne, our court has consistently reversed for a new trial. See, e.g., Burgess, 117 So.3d at 892 (holding that the trial court’s failure to make necessary findings as to the genuineness of the state’s race-neutral reasons for using peremptory strikes on African-American jurors was reversible error); Victor v. State, 126 So.3d 1171, 1175 (Fla. 4th DCA 2012) (reversing conviction where trial court failed to engage in an analysis of whether the facially race-neutral reasons for peremptory strikes of black prospective jurors were genuine); Cook, 104 So.3d at 1190-91 (reversing for the trial court’s failure to analyze the genuineness of the state’s proffered race-neutral reasons for a peremptory strike).
In this case, when the state asserted that its race-neutral reason for striking the juror was that the juror was dozing off during voir dire, and defense counsel challenged whether this had actually occurred, the trial court did not confirm that it did occur or engage in any inquiry to determine the genuineness of the state’s reason. Instead, the court summarily sustained the state’s peremptory challenge, stating “I’ll take [the State’s] word for it. And I guess that would be a legitimate race-neutral reason.” As our court has held, when the race-neutral explanation for a strike is based on nonverbal behavior, that behavior must either be observed by the trial court or supported by the record. Harriell v. State, 29 So.3d 372, 374 (Fla. 4th DCA 2010) (citing Dorsey, 868 So.2d at 1199-1200,1202-03).
Because the record is devoid of any indication that the trial judge implicitly or explicitly conducted a genuineness analysis, as required by step three of the Melbourne procedure, we reverse the defendant’s conviction and remand for a new trial.

Reversed and Remanded for a new trial.

DAMOORGIAN, C.J., and LEVINE, J., concur.