DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOMMY WEST,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2025

[July 29, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 2011CF013521AMB.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

HAIMES, DAVID A., Associate Judge.

Defendant Tommy West appeals his conviction and sentence for aggravated battery with a deadly weapon causing great bodily harm. He raises several issues on appeal. Because we agree that the trial court erred in failing to conduct a "genuineness analysis" of the State's peremptory challenge of a Hispanic juror, we reverse and remand for a new trial.[1]

During jury selection, the State exercised a peremptory challenge against a prospective juror as follows:

[Defense]: Your Honor, again, a race neutral reason?

[Court]: What race is she?

Defense]: She's Spanish.

---

[1] Because we reverse on this issue, there is no need to address any of the other issues raised in this appeal.

[Court]: Okay.

[State]: I don't know that she's Spanish.

[State2]: Judge, I don't know if –

[State]: Judge, I don't know if it was ever established that she's Spanish.

[Court]: Do you have a – what's your reason for striking her?

[State]: She's unemployed.

[Court]: All right. That's a race neutral reason. I think she was a housekeeper.

[Defense]: She said she's a housekeeper for a retirement home. Her husband was the one that was unemployed – no, I'm sorry, her kids are unemployed, but she's a housekeeper for a retirement home.

[State2]: She didn't say she was married. She's not married.

[Defense]: She's employed.

[State]: We don't want a housekeeper on our jury.

[Court]: All right. How many have you used? I'll permit that one.

The trial court allowed the strike and a jury was eventually selected. After jury selection and before the jury was sworn, the defense counsel renewed the objection to the juror.

Defendant argues on appeal that the State's asserted reason for dismissing the juror was pretextual and that the trial court erred by not determining the genuineness of the State's proposed race neutral reason for striking the juror. The State responds that the trial court conducted an explicit genuineness analysis for other strikes, arguing this shows that

the trial court would have done so on the record if it did not accept the genuineness of the strike.[2]

"Where a peremptory strike is alleged to have been exercised in a racially discriminatory manner, we review a trial court's ruling 'to determine whether it was clearly erroneous or an abuse of discretion.'" *Cook v. State*, 104 So. 3d 1187, 1189 (Fla. 4th DCA 2012) (quoting *Wimberly v. State*, 118 So. 3d 816, 820 (Fla. 4th DCA 2012)). "In conducting our review, we are guided by the principles that 'peremptory challenges are presumed to be exercised in a nondiscriminatory manner' and that a ruling on such a challenge 'turns primarily on an assessment of credibility.'" *Id.* (quoting *Cobb v. State*, 825 So. 2d 1080, 1086 (Fla. 4th DCA 2002)).

In *Melbourne v. State*, 679 So. 2d 759 (Fla.1996), the Florida Supreme Court established the following three-step procedure that must be followed when a party objects to the exercise of a peremptory challenge on the basis that it was made on a discriminatory basis:

> First, the objecting party must make a timely objection, show that the venireperson is a member of a distinct protected group, and request that the trial court ask the striking party to provide a reason for the strike. Second, if these initial requirements are met, the court must ask the proponent of the strike to explain the reason for the strike, and the burden shifts to the proponent to come forward with a race-, ethnicity-, or gender-neutral explanation. Third, if the explanation is facially race-, ethnicity-, or gender-neutral, the court must determine whether the explanation is a pretext "given all the circumstances surrounding the strike," with the focus of this inquiry being the genuineness of the explanation.

*Hayes v. State*, 94 So. 3d 452, 461 (Fla. 2012) (citing *Melbourne*, 679 So. 2d at 764)). The Florida Supreme Court has explained previously that "*Melbourne* establishes a simple, precise, and easy-to-administer procedure for challenging a litigant's suspected use of a peremptory challenge to discriminate based on race or other impermissible factors. . .

---

[2] The State also argues that Defendant failed meet his burden under the first step of the *Melbourne* analysis that the juror was a member of a distinct racial group. However, the trial court accepted that the juror was Hispanic. It is unnecessary to identify a challenged juror's race where it is obvious or not disputed. *See Franqui v. State*, 699 So. 2d 1332, 1334 (Fla. 1997).

.  The 'simplified inquiry' adopted by this Court recognizes that little is required to request, and evaluate, a neutral explanation. . . ."  *Welch v. State*, 992 So. 2d 206, 213 (Fla. 2008) (quoting *State v. Whitby*, 975 So. 2d 1124, 1130 (Fla. 2008) (Pariente, J., concurring)).  "Compliance with each step is not discretionary, and the proper remedy when the trial court fails to abide by its duty under the *Melbourne* procedure is to reverse and remand for a new trial."  *Hayes*, 94 So. 3d at 461.

In *Hayes*, the Court held that "where the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court, which is confined to the cold record before it, cannot assume that a genuineness inquiry was actually conducted in order to defer to the trial court."  *Hayes*, 94 So. 3d at 463.  Subsequent to *Hayes*, our court has consistently reversed for a new trial where the record has not provided us with any indication that the trial court engaged in the genuineness inquiry required by *Melbourne*.  *See Denis v. State*, 137 So. 3d 583, 586 (Fla. 4th DCA 2014) (reversing because record was devoid of any indication that the trial judge implicitly or explicitly conducted genuineness analysis of state's reason for peremptory challenge); *Burgess v. State*, 117 So. 3d 889, 892 (Fla. 4th DCA 2013) (holding that the trial court's failure to make necessary findings as to the genuineness of the state's race-neutral reasons for using peremptory strikes on African–American jurors was reversible error); *Victor v. State*, 126 So. 3d 1171, 1175 (Fla. 4th DCA 2012) (reversing conviction where trial court failed to engage in an analysis of whether the facially race-neutral reasons for peremptory strikes of black prospective jurors were genuine); *Cook*, 104 So. 3d at 1190–91 (reversing for the trial court's failure to analyze the genuineness of the state's proffered race-neutral reasons for a peremptory strike).

Turning to the present case, the State initially proffered that the race-neutral reason for its peremptory strike was that the juror was unemployed.  The trial court accepted the explanation as a race-neutral reason; however, the trial court then corrected the State that the juror was a housekeeper and not unemployed.  The State responded that "[w]e don't want a housekeeper on our jury."  Without any analysis as to pretext or genuineness, the trial court then summarily sustained the peremptory challenge.  Because the record contains no indication that the trial court engaged in any genuineness analysis, *Hayes* requires that the conviction be reversed and the case remanded for a new trial.

*Reversed and remanded for a new trial.*

DAMOORGIAN and GERBER, JJ., concur.

4

*     *     *

*Not final until disposition of timely filed motion for rehearing.*