IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHAWNEST ANGELO IVEY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5803

Opinion filed September 13, 2017.

An appeal from the Circuit Court for Jackson County.
Shonna Young Gay, Judge.

Andy Thomas, Public Defender, Jennifer P. LaVia, Special Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, Michael McDermott, Assistant Attorney General, for Appellee.

MAKAR, J.

Shawnest Angelo Ivey, who was convicted of possession of XLR11 (commonly referred to as K2, Spice, or Synthetic Marijuana) and methamphetamine, argues that the trial court erred in allowing a peremptory challenge to strike an

African-American juror where the State's race-neutral reason—that the juror gave the prosecutor a dirty look—was neither observed by the trial court nor supported by the record. We agree and reverse.[1]

## I. Background

Juror number 46 is an African-American woman. During jury selection, neither the State nor defense counsel questioned her other than to ask whether she was employed (she said yes). After the close of voir dire, but before finalizing the jury, the prosecutor informed the trial court that the State wanted to use a peremptory strike on the potential juror. In response, defense counsel requested a race-neutral reason for the strike because juror number 46 was the only African-American on the jury panel.

According to the prosecutor, the basis for the peremptory strike was that she had made a joke about the potential juror during a break in jury selection between a prior case and Ivey's case. She said the potential juror overheard her and then gave "a look" that the prosecutor believed reflected bias against her. Neither the trial judge, defense counsel, nor anyone else observed the described encounter; nor was there any record evidence to establish "the look" other than the prosecutor's statement. The trial court accepted the State's proffered reason for the strike as race-

_____

[1] As to Ivey's claim that the trial court erred in denying his motion to suppress his statements to police, we affirm.

neutral and removed juror number 46 from further consideration.

Immediately thereafter, the trial court asked the State and defense counsel if they were agreeable to the jury members who had been selected. Defense counsel said he went over the entire panel with Ivey, who said he "agrees and accepts this jury." Just prior to swearing the jury, however, the trial court and defense counsel had the following exchange:

> Court: The only additional thing is looking at my seating chart for jury selection yesterday, I had seated for juror number 46, and just for record purposes, wanted to make sure she was not a cause, she was a peremptory challenge. And there was a challenge race neutral reason given, and she was excused based on the state using a peremptory challenge. With that, is there anything else we need to address this morning before we bring the jury in?
>
> Defense: Your Honor, the only thing other than—everything you said is fine. What I would like to do, I've made a few objection in preliminary proceedings and objected to evidence and objected to different things. I would like to just make that as a continuing objection, so they don't come back and say we failed to object in the trial.
>
> Court: I will just state for record purposed [sic], any ruling that has already been made by me, I recognized [defense counsel's] continue [sic] objections, that has been the ruling that has been made by the Court.

The jury was sworn and Ivey was later found guilty on the possession charges. On appeal, he argues that the trial court erred in allowing the State to use its peremptory strike on the potential juror.

## II. Analysis

At the outset, the State does not argue that the trial judge's substantive ruling

3

on the State's peremptory strike was correct, probably because it is directly contrary to Dorsey v. State, 868 So. 2d 1192 (Fla. 2003), which held that a proponent of a peremptory strike "based on nonverbal behavior may satisfy its burden of production of a race-neutral reason . . . only if the behavior is observed by the trial court or otherwise has record support." Id. at 1199. Here, "the look" was neither observed by the trial judge nor does it have record support (other than the prosecutor's say-so, which Dorsey says is inadequate). As such, the State makes two preservation arguments: (a) Ivey failed to dispute the factual basis of the race-neutral reason offered by the State, and (b) Ivey failed to renew his objection prior to the jury being sworn.

### A. *Dorsey* – Footnote 3

First, the State argues that the challenge to its peremptory strike is unpreserved because defense counsel did not challenge the factual basis for the State's proffered race-neutral reason, citing a footnote in Dorsey that the genuineness of a race-neutral reason offered by a party "does not arise where the opponent does not dispute the observation proffered as the reason for the strike." 868 So. 2d at 1196 n.3. The footnoted language, however, relates to situations—such as in Dorsey—in which the nonverbal behavior occurs where the judge and defense counsel are physically present and able to observe it, which was not the case here.

The issue in Dorsey was "whether a party's observation of a juror's nonverbal

4

behavior may constitute a genuine, race-neutral reason for a peremptory challenge when the purported behavior is challenged by the opposing party and was neither observed by the trial court nor otherwise supported by the record." Id. at 1194. In Dorsey, the prosecutor believed that a prospective juror showed a lack of interest during attorney questioning and moved to strike her on that basis; defense counsel disagreed and countered that the prospective juror was the only one who showed interest and enthusiasm for being on the jury. Id. The trial judge, who was present throughout juror questioning, did not observe the alleged indifference, but took the prosecutor "at her word" in claiming it occurred, thereby upholding the strike. Id. at 1194-95. The supreme court overturned that ruling, holding that the record must have support—other than the prosecutor's own perception of the nonverbal conduct—to meet the burden imposed under Melbourne v. State, 679 So. 2d 759 (Fla. 1996), and its progeny. Dorsey, 868 So. 2d at 1200.

The supreme court in Dorsey rejected the view that the testimony of the prosecutor was itself sufficient, even when the judge and others are present, saying, "if the proponent of a strike were permitted to meet its burden of production based solely on an attorney's subjective, uncorroborated, and disputed impression of a juror's demeanor, the appellate court would have no basis to determine if the trial court's decision to accept the explanation was clearly erroneous." Id. at 1200. Ivey's counsel made a similar point, saying, "[t]he only thing we have is [the prosecutor]

5

telling us this at sidebar what happened and I have no way to show that this—I just don't think it's a race neutral reason in the record and that's what she has to have."

As is evident, the situation in Dorsey involved a prosecutor's interpretation of events that occurred during voir dire, where defense counsel was present and had an observable basis for disagreeing with the prosecutor's assertion. That is why the supreme court in Dorsey cited both Watson v. State, 841 So. 2d 659 (Fla. 4th DCA 2003) and Carter v. State, 762 So. 2d 1024 (Fla. 3d DCA 2000), each involving juror behavior that was observed in the courtroom during the jury selection process. Under those circumstances, if defense counsel is present, observes the juror's nonverbal conduct, and "does not dispute the observation proffered as the reason for the strike," the admonition in footnote three would apply. 868 So. 2d at 1196 n.3.

Unlike Dorsey, however, neither the trial judge nor the defense counsel in Ivey's case were present when juror number 46 allegedly gave "the look" that the prosecutor says occurred. For this reason, Ivey's counsel could not have disputed the prosecutor's unilateral claim that the juror gave her the stink-eye during a break in the proceedings. Indeed, Ivey's counsel pointed out that the prosecutor failed to raise "the look" until late in the jury selection process, making it doubly difficult to assess the matter ("if [the prosecutor] thought that that was a problem, she should have brought it up during voir dire where we could have addressed it").

Because defense counsel did not have the benefit of observing the juror's

6

nonverbal behavior, it was impossible for him to object to the factual basis for the prosecutor's assertion. As such, defense counsel was not required to disagree with the prosecutor's subjective interpretation of events under Dorsey.

B.

The State also argues that Ivey failed to preserve the issue for review because his "continuing objection" prior to the jury being sworn was inadequate, relying on Mobley v. State, 100 So. 3d 1170 (Fla. 1st DCA 2012). Ivey counters that the "continuing objection" was made directly in response to the trial judge confirming for record purposes the various objections raised, including the strike of juror number 46, which the trial court specifically raised and discussed.

This case differs from Mobley because the race-neutral reason offered in Mobley was based, at least in part, on interactions with the juror that occurred during voir dire, and was therefore on the record with defense counsel present. The State in Mobley offered a valid race-neutral reason for its strike, such that it was entitled to the presumption that its peremptory challenge was used in a nondiscriminatory manner; defense counsel was then required to "voic[e] a specific objection that the reason [was] not genuine or [was] not a pretext." Id. at 1172. The defendant in Mobley did neither—thereby failing to meet his burden to rebut the presumption to which the State was entitled for having offered a valid race-neutral reason. In this case, however, the State is not entitled to that presumption because

the reason it offered was facially invalid under <u>Dorsey</u>: the nonverbal conduct of juror number 46 was neither witnessed by the trial court nor had record support, apart from the prosecutor's unilateral belief. <u>See</u> <u>Dorsey</u> 868 So. 2d at 1199.

This case is more similar to <u>Denis v. State</u>, 137 So. 3d 583 (Fla. 4th DCA 2014), where defense counsel objected to the State's use of a peremptory challenge, and the State's race-neutral justification offered for the strike was that the juror was "dozing off while the judge was speaking." <u>Id.</u> at 584. Defense counsel didn't observe the juror dozing and asked the trial judge whether he had witnessed it; the judge said he did not, but that that he would "take [the State]'s word for it" and upheld the strike. <u>Id.</u> In reversing, the Fourth District noted that "[p]reservation of an objection to the use of a peremptory strike requires more than one objection: an objection to initiate a *Melbourne* inquiry and another objection before the jury is sworn in." <u>Id.</u> at 585. As to the initiating objection, it held that the defendant had sufficiently preserved the issue for review by contesting the factual basis for the State's race-neutral reason because he "inform[ed] the court that defense counsel did not see the juror fall asleep and ask[ed] the court to address whether it witnessed this behavior." <u>Id.</u> at 585. This, the Fourth District stated, was enough to put the trial court "on notice that defense counsel questioned the genuineness of the state's reason for the challenge." <u>Id.</u> As to confirming the objection before the jury was sworn, the appellate court noted that "[i]n addition to making a proper objection to

8

initiate a *Melbourne* inquiry, defense counsel preserved her objection to the state's peremptory challenge before the jury was sworn by accepting the jury 'subject to prior objections.'" Id.

Here, Ivey's counsel timely raised an objection to the State's improper peremptory challenge and sufficiently confirmed that objection just prior to the jury being sworn in response to the trial judge's specific reference to the "juror number 46" issue. No doubt exists that the trial court knew of and was apprised of the specifics of Ivey's objection prior to the swearing of the jury, which was far different from the situation in Joiner v. State, 618 So. 2d 174, 176 (Fla. 1993), where defense counsel "affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection." No affirmative acceptance was made immediatley prior to the jury being sworn that amounted to Ivey's counsel jettisoning his prior objections; instead, he renewed them in direct response to the trial court's inquiry. Because the State's stated reason was insufficient on its face under Dorsey, and Ivey adequately preserved the issue, we reverse and remand for a new trial.


REVERSE and REMAND.

BROWN, JOHN, ASSOCIATE JUDGE, concurs, and WINSOR, J. concurs in part and dissents in part with opinion.

WINSOR, J., concurring in part and dissenting in part.

I agree that we should affirm as to the trial court's order denying Ivey's motion to suppress. I would also affirm as to the disputed peremptory challenge because Ivey failed to preserve it.

After raising the objection initially, Ivey's counsel affirmatively told the court that Ivey "agrees and accepts this jury." Counsel's acceptance of the jury would lead "to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." *Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993). The only question is whether counsel's discussion with the court the following day was sufficient to re-raise the issue. In the exchange, which the majority accurately recites in full, counsel said he'd "made a few objection (sic) in preliminary proceedings and objected to evidence and objected to different things." He then said he "would like to just make that as a continuing objection." That was not enough.

Reiterating objections to unspecified "different things" does not preserve a specific objection to a peremptory challenge. Up to the point of his general objection, Ivey had argued an unsuccessful motion in limine, an unsuccessful motion to dismiss, and an unsuccessful motion to suppress (which included an evidentiary hearing with contested evidentiary rulings). If Ivey sought to renew an objection on the peremptory issue, he needed more specificity. *Cf. Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (noting that statutory requirement that objections be

10

"sufficiently precise" to "fairly apprise[] the trial court of the relief sought and the grounds therefor," § 924.051(1)(b), Fla. Stat., is consistent with Florida Supreme Court holdings on preservation). Because Ivey did not specifically renew his abandoned objection before the jury was sworn, his claim is not preserved. *See Zack v. State*, 911 So. 2d 1190, 1204 (Fla. 2005). I would therefore affirm.