# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-18
Lower Tribunal No. 18-38119
_____

**Airam Bulte,**
Appellant,

vs.

**Dollar Tree Stores, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Schwed, Adams & McGinley, P.A., and Paul M. Adams (Palm Beach Gardens); Burlington & Rockenbach, P.A., Bard D. Rockenbach and Nichole J. Segal (West Palm Beach), for appellant.

Cole, Scott & Kissane, P.A., and Adrianna de la Cruz-Muñoz, Michael A. Rosenberg and David Herrero (Plantation), for appellee.

Before HENDON, GORDO and BOKOR, JJ.

GORDO, J.

Airam Bulte ("Bulte") appeals the final judgment entered against Dollar Tree Stores Inc. ("Dollar Tree") pursuant to a jury verdict awarding Bulte $36,000 in damages for past and future medical expenses and pain and suffering. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

During jury selection, Bulte sought to use her peremptory strike as to a Hispanic woman juror. Dollar Tree sought a Melbourne challenge and asked for a race-neutral and gender-neutral reason. The trial court conducted a Melbourne analysis and concluded the grounds articulated by Bulte were not genuine and disallowed the use of the peremptory as to that juror.

"Where a peremptory strike is alleged to have been exercised in a racially discriminatory manner, we review a trial court's ruling 'to determine whether it was clearly erroneous or an abuse of discretion.'" West v. State, 168 So. 3d 1282, 1284 (Fla. 4th DCA 2015) (quoting Cook v. State, 104 So. 3d 1187, 1189 (Fla. 4th DCA 2012)). Relevant to this appeal is step three of a Melbourne analysis which provides in part: "The court's focus in step 3 is not on the reasonableness of the explanation [for the preemptory strike] but rather its **genuineness**." Melbourne v. State, 679 So. 2d 759, 764 (Fla. 1996) (emphasis added).

We find the trial court did not abuse its discretion or commit clear error by concluding the proffered reason was not genuine. See Dabbs v. State, 330 So. 3d 50, 54 (Fla. 4th DCA 2021) ("Because the trial court conducted a proper genuineness inquiry, we must give appropriate deference to its determination."); Hialeah Hosp., Inc. v. Hayes-Boursiquot, 316 So. 3d 754, 758 (Fla. 3d DCA 2021) (affirming and finding the trial court properly exercised its discretion in sustaining a Melbourne challenge as "there is sufficient record evidence to support the trial court's credibility assessments such that they may not be disturbed under the clearly-erroneous standard."); King v. Byrd, 716 So. 2d 831, 834 (Fla. 4th DCA 1998) (holding the trial court's determination of genuineness must be respected because it was able to "see the expressions, hear the tones of voices, [and] observe the general dynamics of the courtroom.").

Affirmed.